# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AMANDA HEAD,

    Plaintiff,                                                    Case No. 24-cv-11818

v.                                                       Hon. Mark A. Goldsmith

OXFORD RECOVERY CENTER,

    Defendant.

| Noah S. Hurwitz (P74063) | J. David Garcia (P60194) |
|---|---|
| Brendan J. Childress (P85638) | Jailah D. Emerson (P84550) |
| HURWITZ LAW PLLC | Attorneys for Defendant |
| Attorneys for Plaintiff | 480 Pierce Street, Suite 300 |
| 340 Beakes St., Ste. 125 | Birmingham, MI 48009 |
| Ann Arbor, MI 48103 | (248) 567-7800 |
| (844) 487-9489 | jdgarcia@varnumlaw.com |
| noah@hurwitzlaw.com | jdemerson@varnumlaw.com |
| brendan@hurwitzlaw.com | |

### REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND FOR SANCTIONS

    Plaintiff Amanda Head, by and through her attorneys, HURWITZ LAW PLLC, submits this Reply Brief in Support of her Motion to Dismiss Defendant's counterclaim and for sanctions pursuant to FRCP 11.

### ARGUMENT

    Let us explore Defendant's goofy argument that Plaintiff's lawsuit is a "calculated attempt" to avoid medical charges allegedly owed for her son's healthcare treatments. On August 11, 2023, ***just two weeks after*** her July 27, 2023

termination, Plaintiff's Counsel sent a settlement demand and litigation hold letter to Defendant—mirroring the allegations in Plaintiff's Complaint. **Ex. 1, Plaintiff's Demand Letter**. This was well before any mention of Plaintiff owing any money for her son's medical treatments. On top of that, there is undisputed evidence that Defendant already "wrote off" Plaintiff's claims—making Defendant a double loser in this argument. Somehow worst of all, Defense Counsel now states on the record, in a pleading that he signed, that he told a bold-faced lie when he bragged about Plaintiff's Counsel being a "***shining example – that I've distributed to the 200 lawyers of this firm (and beyond) – of how not to be a professional litigator***."

> email purporting to give "until close of business on Monday, September 23, 2024 to withdraw the counterclaim," while again threatening sanctions. *Id*. The exchange concluded on September 21 with both parties maintaining their respective legal positions. *Id*. These communications were not distributed despite the contents of the email. At no point during this exchange did Plaintiff's counsel serve a formal Rule 11 motion or comply with the rule's procedural requirements.

Defendant's Rule 11 analysis is unavailing. Defense Counsel's conduct is not simply a Rule 11 violation, it is unethical and patently violates 28 U.S.C. § 1927. Even if Plaintiff is not entitled to sanctions under Rule 11, she still deserves costs and attorney fees under 28 U.S.C. § 1927 for Defense Counsel's insidious lie.

"Unlike Rule 11 sanctions, a motion for excess costs and attorney fees under § 1927 is not predicated upon a 'safe harbor' period, nor is the motion untimely if made after the final judgment in a case." *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997). 28 U.S.C. § 1927 provides that any attorney "who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; see also *Ridder*, 109 F.3d at 298. Sanctions under § 1927 cannot be based on "simple inadvertence or negligence that frustrates the trial judge," rather "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Ridder*, 109 F.3d at 298. Frankly, if an attorney who brags about disparaging his opposing counsel to **"200 lawyers of [his] firm"** and later admits that he lied about it does not get sanctioned, what conduct is sanctionable? The proper sanction is not only costs and fees, but for Defense Counsel to be required to verify that he did not send such a defamatory communication to "200 lawyers of [his] firm." And after that is verified, then Defense Counsel should send an email to the "200 lawyers of [his] firm" informing them that he is in fact the "***shining example . . . of how not to be a professional litigator***."

3

Plaintiff asserted in her motion that "there is tellingly no authority where a court has found that Defendant's collection action for a minor child's allegedly unpaid insurance claims arises out of the same common nucleus of operative facts as claims dealing solely with Plaintiff's wrongful termination and unpaid wages." ECF No. 12, PageID.158. Defendant responded with *Frisby v. Keith D. Weiner & Associates Co.*, LPA, 669 F. Supp. 2d 863, 866 (N.D. Ohio 2009), which involves an employee who took two loans from the employer and signed a promissory note stating that any outstanding balance would be reduced using payroll deductions should she leave the company. The *Frisby* court opined that there was supplemental jurisdiction because "the note is linked specifically to any payroll funds potentially due Frisby." *Id.* at 872. Additionally, the *Frisby* court held that "these claims arise out of KWA and Frisby's relationship as employer and employee." *Id.* Of course, neither is true here. *First*, there is no evidence to suggest that an alleged debt for medical treatments for Plaintiff's minor child is connected at all to Plaintiff's wages. The argument that "the debt [allegedly] arose during Head's employment" does not make a difference. *Second*, the counterclaim here unequivocally does not "arise out of . . . [the parties'] relationship as employer and employee because Defendant seeks a collection of fees for its "rehabilitation services provided to [Ms. Head's minor child]." ECF No. 5. PageID.43, ¶17. Case in point, the Counterclaim alleges that "Counter-Plaintiff is a limited liability company, offering psychological

4

rehabilitation services" and that "Counter-Plaintiff began providing rehabilitation services to [Plaintiff's] son [Minor Child's Name]. *Id.* at ¶¶10-11. And further that Plaintiff "signed Financial Policy Agreements on three separate occasions, June 3, 2022, November 29, 2022, and November 10, 2023." *Id.* at ¶12. The counterclaim has absolutely nothing to do with Plaintiff's employment. Not even a teeny tiny connection—which makes Defendant's obstinate argument so frustrating.

Next, Defendant argues that "judicial efficiency and economy favor exercise of jurisdiction over Oxford's counterclaims." ECF No. 13, PageID.206. Wrong. Defendant begs this Court to cut it a break and take on supplemental jurisdiction in order to determine "whether valid agreements existed and were breached." ECF No. 13, PageID.207. But Defendant is not deserving of this Court's charity. No need to bend over backward to allow a felonious employer to prosecute a collection action against a minor special needs child in federal court.

Defendant's counterclaim was bad, but the frivolous arguments in Defendant's Response Brief are beyond the pale. After lying about the underlying validity of the counterclaim and then lying about disparaging Undersigned Counsel to his entire firm, Defense Counsel is now lying for a third time with the argument that the subject matter of Defendant's counterclaims preceded Plaintiff's claims against her employer. The demand letter attached as Exhibit 1 demonstrates

5

Defendant's third lie. Hopefully third time is a charm and this Court will hold Defendant accountable for the rare trifecta of dishonest and frivolous conduct.

## CONCLUSION

Plaintiff respectfully requests that Court grant Plaintiff's Fed. R. Civ. P. 12(b)(1) motion, sanction Defendant, and grant Plaintiff 14 days to submit a detailed itemization of attorney fees.

Respectfully submitted,

HURWITZ LAW PLLC

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St. Ste. 125
Ann Arbor, MI 48104
(844) 487-8489
noah@hurwitzlaw.com

Date: October 31, 2024

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(a)**

LOCAL RULE CERTIFICATION: I, Noah Hurwitz, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the tope, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## **PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon the attorneys(s) of record for all parties by submitting the document through the ECF filing system on October 31, 2024.

                                                */s/ Noah S. Hurwitz*
                                                Noah S. Hurwitz (P74063)